**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In Re:

    Patricia Cox,                                                        **Chapter 13**
    Christopher Cox,

           Debtors                                              **Case No. 23-41043**

_____

**MOTION OF DEBTORS FOR ORDER AUTHORIZING EMPLOYMENT OF REAL ESTATE SALES AGENT**

       Now come Debtors and request authorization to employ Michael Russell of Century 21 Signature Properties as their real estate agent and in support of this Motion provide as follows:

1.      The Debtors filed for Chapter 13 bankruptcy protection on December 13, 2023.

2.      The Debtors are the owners of the real estate at 54 Arcopolis, Lowell, MA (subsequently called "real estate"). Debtors want to employ Michael Russell as a sales agent to market and sell the real estate.

3.      Michael Russell has no prior relationship with the creditors, any party in interest, or their attorneys.

4.      Michael Russell is a licensed sales agent working for Century 21 Signature Properties and is qualified to represent the Debtors in marketing and selling the real estate based on his past experience and familiarity with the real estate in the area.

5.      Filed herewith is an Affidavit consistent with M.B.L.R. 2014-1, executed by Michael Russell.

6.      Michael Russell holds no interest adverse to the estate and is a "disinterested person" as the term is defined in 11 U.S.C. s.101(14). Michael Russell' employment is in the best interest of the Debtors and their estate.

7.      Michael Russell will complete the sale for a commission of five percent (5%).

8.      The Debtors seek authority to pay the commission to Michael Russell and Century 21 Signature Properties as an ordinary expense of administration when the real estate is sold and without further court order.

      **Wherefore,** the Debtors request that this Court enter an Order authorizing them to employ Michael Russell for the reasons set forth herein, and granting the Debtors such other relief as is just and proper.

                                                  Debtors,
                                                  by their attorney,

Date: March 19, 2024                     /s/John Ullian
                                                             John Ullian, Esq.
                                                               The Law Firm of Ullian & Associates, P.C.
                                                               220 Forbes Road, Suite 106
                                                               Braintree, MA 02184
                                                               (781) 848-5980
                                                               BBO # 542786

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

**In Re:**

**Patricia Cox,**
**Christopher Cox,**
    **Debtors**

**Chapter 13**

**Case No. 23-41043**

## AFFIDAVIT OF MICHAEL RUSSELL IN SUPPORT OF DEBTORS' MOTION TO EMPLOY SALES AGENT

I, Michael Russell, state as follows:

1. I am a real estate agent duly licensed by the Commonwealth of Massachusetts. I am affiliated with Century 21 Signature Properties, the broker named in the attached Motion.

2. I am familiar with Debtors' Motion and the real estate described therein, and I believe that I am qualified to represent the Debtors and their estate in connection with the marketing of said real estate. I have agreed to accept employment on terms and conditions set forth in the Debtors' Motion (which is attached).

3. I hereby represent that neither I nor any member or employee of my firm holds or represents any interest adverse to the estate of the above named Debtors.

4. My firm and I have no other business relationship with the Debtors or other party in interest, or their respective attorneys, other than our attempting to sell this real estate.

5. I hereby represent that I have agreed not to share with any person the compensation to be paid for the services rendered in this case, except among the members of my brokerage office and the real estate firm that procures the buyer.

6. I hereby represent that the only agreement I have concerning my compensation with the Debtors is to handle this sale on a commission fee basis of 5% of the sale price (see copy of agreement attached and labeled Exhibit A).

7. I hereby disclose that prior to the filing of the petition of the case I did not receive from the Debtors a retainer or any other compensation.

8. I agree to, at all times during the course of my employment in this matter, comply with all applicable provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and the Massachusetts Local Bankruptcy Rules.

9. I shall amend this statement immediately upon my learning that (a) any of the within representations are incorrect, or (b) there is any change of circumstances relating thereto.

10. I have reviewed the provisions of M.L.B.R. 2016-1.

X   I declare under penalty of perjury that the foregoing is true and correct, executed this \_\_\_ day of March, 2024.

_____
Michael Russell

# OFFICIAL FORM 7

## United States Bankruptcy Court
### District of Massachusetts

In re **Patricia Ann Cox**
**Christopher Joseph Cox** _____
Debtor(s)

Case No. **23-41043**
Chapter **13**

## DECLARATION RE: ELECTRONIC FILING

### PART I- DECLARATION OF PETITIONER

I [We] ____**Michael Russell**____, *hereby declare(s) under penalty of perjury* that all of the information contained in my Sw\y (singly or jointly the "Document"), filed electronically, is true and correct. I understand that this *DECLARATION* is to be filed with the Clerk of Court electronically concurrently with the electronic filing of the Document. I understand that failure to file this *DECLARATION* may cause the Document to be struck and any request contained or relying thereon to be denied, without further notice.

I further understand that pursuant to the Massachusetts Electronic Filing Local Rule (MEFLR)-7(a) all paper documents containing original signatures executed under the penalties of perjury and filed electronically with the Court are the property of the bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of this case.

Dated:

Signed: _____
Michael Russell
(Affiant)

### PART II - DECLARATION OF ATTORNEY (IF AFFIANT IS REPRESENTED BY COUNSEL)

I certify that the affiant(s) signed this form before I submitted the Document, I gave the affiant(s) a copy of the Document and this *DECLARATION*, and I have followed all other electronic filing requirements currently established by local rule and standing order. This *DECLARATION* is based on all information of which I have knowledge and my signature below constitutes my certification of the foregoing under Fed. R. Bankr. P. 9011. I have reviewed and will comply with the provisions of MEFR 7.

Dated:

Signed: _____

Attorney for Affiant

**EXCLUSIVE RIGHT TO SELL LISTING AGREEMENT #715** (Page 1 of 3)
(With Consent To Designated Agency and Consent To Dual Agency)


MASSACHUSETTS ASSOCIATION of REALTORS®

I/We _____ Patricia Cox _____
("SELLER"), hereby grant to _____ Century 21 Signature Properties _____, a real estate broker licensed under the laws of the Commonwealth of Massachusetts ("BROKER"), the exclusive right to sell the property described as
54 Acropolis, Lowell, MA 01854
and recorded in the Middlesex County Registry Of Deeds at Book 2871 Page 211
("PROPERTY") on the following terms and conditions:

**1. Seller's Duties And Representations.** The BROKER is granted the exclusive right to sell the PROPERTY, as the SELLER'S agent, during the term of the Agreement and the SELLER agrees to refer all inquiries to the BROKER, to cooperate in marketing the PROPERTY, including completing lead paint (if property built before 1978) and other forms. If the PROPERTY is sold to a buyer procured by the BROKER, by the SELLER or by anyone else, the fee described in paragraph 4 shall be due. The BROKER is authorized, but is not required: (a) to offer compensation to other licensed brokers as buyer's agents or facilitators; (b) to place a listing for the PROPERTY in any multiple listing service; (c) to place a sign on the PROPERTY; (d) to photograph and advertise the PROPERTY in such media as the BROKER may select; and (e) to place a lock box on the PROPERTY. The SELLER authorizes the BROKER to disclose to prospective buyers all information about the PROPERTY provided to the BROKER by the SELLER, all of which the SELLER represents to be accurate. **The SELLER acknowledges receipt of a Mandatory Licensee-Consumer Relationship Disclosure form.** According to the Code of Ethics and Standards of Practice of the National Association of REALTORS®, the SELLER has been advised of (1) the broker's general company policies regarding cooperation with and compensation to subagents, buyer's agents and facilitators; (2) the fact that a buyer's agent, even if compensated by the listing broker or seller will represent the interest of the buyer; and (3) any potential for the listing broker to act as a disclosed dual agent on behalf of the seller and buyer. The SELLER agrees to comply with all applicable fair housing laws. Seller is aware that there is a risk of injury to persons viewing the Property as well as a risk of loss or damage to property of the seller during a showing or open house, whether the showing is accompanied by the Broker, via lockbox or otherwise. Seller has the responsibility to prepare the Property for marketing to minimize the likelihood of injury, damage and loss. Seller agrees to indemnify, defend and hold Broker and its agents harmless from any loss or claim of liability during any showing or open house, other than if proven to have been the result of broker's intentional misconduct. Seller understands and agrees that showings may be conducted by licensees other than the Broker or its agents and that inspectors or appraisers may conduct inspections and appraisals outside the presence of the Broker. Seller further understands and agrees that other licensees and prospective buyers are permitted to photograph and videotape the property unless expressly stated to the contrary. Seller hereby acknowledges that the property to be listed ☐ does ☑ does not have recording devices, including, but not limited to devices such as: Nest, Arlo, Amazon Echo, Google Home, Ring, etc. If a device is present, Seller hereby states that it records ☐ audio, ☐ video, or ☐ both audio and video. Seller further acknowledges that it is a crime in Massachusetts to secretly hear or record another individual without their knowledge and consent.

**2. Listing Price.** The listing price for the PROPERTY shall be $579,000 dollars or such other price and terms as the SELLER may approve.

**3. Listing Period.** This Agreement shall begin on 03/01/2024 and end on 10/31/2024 and may be extended by agreement.

**4. Broker's Fee.** (a) If within the term of this Agreement or any extension the PROPERTY is sold or the BROKER procures a buyer who is ready, willing and able to buy at a price and on the terms set forth herein or on such other price and terms as the SELLER may agree, the BROKER shall be due a fee of ~~six~~ 5 percent of the net ~~/ gross (circle one)~~ selling price, whether or not the transaction closes or title passes. Said fee shall be paid at the time set for closing and may be deducted from amounts held by BROKER as escrow agent. The aforesaid fee shall also be due upon sale of the property to any person who was introduced to the PROPERTY during the aforesaid term or any extension or who entered into an agreement to purchase during the term, during any extension or within 180 days after expiration of the term or any extension, regardless of the date that title passes, except if the SELLER has entered into an exclusive agreement with another broker in good faith. If any deposit is retained by the SELLER as liquidated damages for default by the buyer under any agreement for sale of the PROPERTY, the BROKER shall be due one-half (1/2) of the amount so retained, but not more than an amount equal to the full commission that would have been paid to BROKER if a sale had been completed. (b) SELLER shall not pay any other broker for services in

**MASSFORMS™**
Statewide Standard Real Estate Forms
©1999, 2002, 2004, 2005, 2007, 2008, 2010, 2015, 2018 MASSACHUSETTS ASSOCIATION OF REALTORS®

**EXCLUSIVE RIGHT TO SELL LISTING AGREEMENT    #715**  (Page 2 of 3)
**(With Consent To Designated Agency and Consent To Dual Agency)**


MASSACHUSETTS ASSOCIATION of REALTORS'

connection with sale of the PROPERTY nor give any instruction that reduces the BROKER'S fee, except if the BROKER has given written consent. Acceptance of escrowed funds shall not constitute consent. Should SELLER violate the foregoing provision and BROKER initiates or is caused to participate in any lawsuit, arbitration or other proceeding, including an interpleader action, BROKER shall be reimbursed by SELLER: (i) for BROKER'S reasonable attorneys' fees and costs; and (ii) to receive from SELLER interest at the legal rate on the amount due BROKER. (c) All disputes, claims or controversies arising out of or related to this Agreement shall, upon demand of either party, be submitted for binding arbitration, to the local association/board of REALTORS® or, in the event the association/board declines to hear the matter, to the American Arbitration Association ("AAA") or, upon mutual agreement, to another dispute resolution service. The REALTOR® arbitration proceedings shall be conducted by a panel of three (3) arbitrators according to the then current rules of the association/board of REALTORS® (or, if before AAA, by a single arbitrator according to the consumer arbitration rules, or if not applicable, to the commercial arbitration rules of the AAA), and all proceedings will be conducted at a location in Massachusetts chosen by the arbitrator. Except as provided for proceedings pursuant to paragraph (b), reasonable attorneys' fees and costs shall be awarded to the generally prevailing party in the arbitration or lawsuit. Should either party file a claim for violation of General Laws Chapter 93A, the prevailing party (including any agent of the BROKER) shall be entitled to recover reasonable attorneys' fees and costs, but no fees and costs shall be recovered in the event that a tender of settlement was made in advance of suit, but rejected, and the court or arbitrator determines that the rejected tender was reasonable in relationship to the injury actually suffered.

**5. Broker Cooperation.** BROKER hereby advises SELLER that BROKER will offer compensation to cooperating real estate licensees as follows: buyer's agents_____1_____% of the selling price; facilitators (non-agents)_____1_____% of the selling price. If subagency will be offered, Consent To Subagency form must be signed. SELLER hereby authorizes the BROKER to disclose to prospective buyers whether an offer has been submitted on the PROPERTY and to disclose whether the offer is from a buyer introduced to the PROPERTY by the listing agent, by another licensee associated with the BROKER, or by a cooperating broker. Disclosure of the price and other terms of any offer shall remain confidential until closing, unless otherwise authorized by SELLER.

**6. Broker's Duties.** The BROKER agrees to use reasonable efforts in marketing the PROPERTY ~~and agrees to list the PROPERTY with the multiple listing service.~~ The BROKER shall have no obligation to continue to market the PROPERTY after an offer has been accepted. The BROKER is not hired as a property inspector, tax advisor or attorney and if such services are desired SELLER should hire professionals. It shall not constitute a violation of any duty owed by the BROKER or by any agent associated with the BROKER to advise a prospective buyer of the availability of a competing property or to assist a buyer with the purchase of another property.

**7. Consent To Designated Agency.** A designated agent is a real estate licensee who has been appointed by a broker or salesperson to represent a buyer as a "designated buyer's agent" or to represent a seller as a "designated seller's agent." When a buyer or seller consents to designated agency only that designated agent represents the buyer or seller. Any other agents affiliated with BROKER may represent another party to the transaction and by consenting to designated agency the buyer or seller permits those agents to represent another party. Individuals who are designated agents owe fiduciary duties to their respective clients. SELLER is further advised that: (a) the designated seller's agent will represent the SELLER and will owe the SELLER the duties of loyalty, full disclosure, confidentiality, to account for funds, reasonable care and obedience to lawful instruction; (b) all other licensees affiliated with the appointing BROKER will not represent the SELLER nor will they owe the other duties specified in paragraph (a) to that SELLER, and may potentially represent the buyer; and (c) if designated agents affiliated with the same broker represent the SELLER and buyer in a transaction, the appointing broker shall be a dual agent and neutral as to any conflicting interests of the SELLER and buyer, but will continue to owe the SELLER and buyer the duties of confidentiality of material information and to account for funds. **By signing this agreement, SELLER consents to designated agency.** If BROKER is a designated agent for buyer and SELLER in a transaction, a notice will be given. The designated agent(s) for the SELLER is/are:    Michael Russell

In the event that the designated agent appointed to represent SELLER ceases to be associated with the BROKER, SELLER hereby consents to appointment by BROKER of one or more agents associated with the BROKER to represent SELLER. Written notice of that appointment shall be given by BROKER to SELLER in a timely manner.



**EXCLUSIVE RIGHT TO SELL LISTING AGREEMENT #715** (Page 3 of 3)
(With Consent To Designated Agency and Consent To Dual Agency)


MASSACHUSETTS ASSOCIATION of REALTORS*

**8. Consent To Dual Agency.** SELLER understands that the designated seller's agent with whom SELLER is working also represents buyers and that if that designated seller's agent introduces the PROPERTY to a buyer who is also represented by that agent, a "dual agency" will be created. The designated seller's agent may act as a dual agent who represents both prospective buyer and seller with their informed written consent. A dual agent is authorized to assist the buyer and seller in a transaction, but shall be neutral with regard to any conflicting interest of the buyer and seller. Consequently, a dual agent will not have the ability to satisfy fully the duties of loyalty, full disclosure, reasonable care and obedience to lawful instructions, but shall still owe the duty of confidentiality of material information and the duty to account for funds. SELLER understands that material information received from either client that is confidential may not be disclosed by a dual agent, except: (1) if disclosure is expressly authorized; (2) if such disclosure is required by law; (3) if such disclosure is intended to prevent illegal conduct; or (4) if such disclosure is necessary to prosecute a claim against a person represented or to defend a claim against the broker or salesperson. This duty of confidentiality shall continue after termination of the brokerage relationship. When the agent with whom the seller is working is a dual agent, the broker with whom the agent is affiliated is also a dual agent and shall remain neutral as to any conflicting interests of the buyer and Seller. **By signing this agreement, SELLER consents to have the designated seller's agent(s) act as a dual agent.** Except as expressly provided, this dual agency shall not extend to other licensees affiliated with BROKER. If dual agency occurs in a transaction, a notice of dual agency will be given.

**9. Additional Terms.**

The stated percentage (%) listed in Paragraph 5 "Broker Compensation" will be reduced in the event the cooperating licensees do not have an agreement in place with the Broker to pay an equal percentage (%) in like circumstances.

The attached "NON-MLS LISTING FORM" hereinafter becomes a permanent part of this agreement.

This contract is subject to application for approval of employing a real estate professional by the bankruptcy court/trustee.

Seller Telephone Number: _____

Seller Email Address: _____

02/29/2024
DATED

BROKER Or Authorized Representative

SELLER Or Authorized Representative

SELLER Or Authorized Representative

**MASSFORMS**™
Statewide Standard Real Estate Forms
©1999, 2002, 2004, 2005, 2007, 2008, 2010, 2015, 2018 MASSACHUSETTS ASSOCIATION OF REALTORS®

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

**In Re:**

    **Patricia Cox,**　　　　　　　　　　　　　　　　　　　**Chapter 13**
    **Christopher Cox,**

          **Debtors**　　　　　　　　　　　　　　　　　　　　**Case No. 23-41043**

_____

## ORDER AUTHORIZING EMPLOYMENT OF
## REAL ESTATE SALES AGENT

    Upon the Motion for Order Authorizing Employment of Real Estate Sales Agent, the Debtors seeks authorization to employ Michael Russell of Century 21 Signature Properties to perform the services specified therein; and the Court being satisfied that the Sales Agent represents no interest adverse to the estate with respect to matters upon which he is to be engaged, that he is a disinterested person under s. 327 of the Bankruptcy Code, and employment of the Sales Agent is necessary and would be in the best interests of the estate, the Court finding sufficient cause appearing therefore, it is ORDERED, ADJUDGED AND DECREED:

1. That the Debtors are authorized to employ Michael Russell of Century 21 Signature Properties to perform the services described in the Motion.

2. That the Debtors are authorized to pay Michael Russell of Century 21 Signature Properties five percent (5%) commission fee for services performed in connection with the sale of the real estate without further application to or Order of this Court and said commission may be paid at the closing on the sale of the Real Estate.

    Entered at Worcester, Massachusetts this ____ day of _____, 2024.

                                                                             _____
                                                                         Bankruptcy Judge

## CERTIFICATE OF SERVICE

    I, John Ullian, hereby certify under the pains and penalties of perjury that I served **Motion of Debtors for Order Authorizing Employment of Real Estate Sales Agent** by ECF or mailing a copy of same, postage prepaid, to the interested parties listed below and all creditors listed on the attached service list.

| | |
|---|---|
| Richard King<br>Office of US. Trustee<br>446 Main Street, 14th Floor<br>Worcester, MA 01608 | David A. Mawhinney<br>Chapter 13 Trustee<br>P.O. Box 964<br>Worcester, MA 01613 |
| Patricia and Christopher Cox<br>54 Acropolis Road<br>Lowell, MA 01854 | George C. Malonis, P.C.<br>14 Loon Hill Road<br>Dracut, MA 01826 |
| Jeanne D'Arc Credit Union<br>Edward P. McCarthy<br>McCarthy Law Office, LLC<br>303 Wyman Street, Suite 300<br>Waltham, MA 02451 | Massachusetts Department of Revenue<br>Litigation Bureau<br>David Mazzuchelli<br>100 Cambridge St., 7th Flr.<br>P.O. Box 9565<br>Boston, MA 02114 |

Date: March 19, 2024

/s/ John Ullian
John Ullian, Esq.
220 Forbes Road, Suite 106
Braintree, MA  02184
(781) 848-5980
BBO No. 542786

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0101-4<br>Case 23-41043<br>District of Massachusetts<br>Worcester<br>Fri Mar  1 11:38:34 EST 2024 | George C. Malenis, P.C.<br>14 Loon Hill Road<br>Dracut, MA 01826-4015 | Jeanne D'Arc Credit Union<br>666 Merrimack Street<br>Lowell, MA 01854 |
| Massachusetts Department of Revenue<br>Litigation Bureau<br>David Mazzuchelli<br>100 Cambridge St., 7th Flr.<br>P.O. Box 9565<br>Boston, MA 02114-9565 | Worcester<br>U. S. Bankruptcy Court<br>595 Main Street<br>Worcester, MA 01608-2060 | Ally Bank<br>4515 N. Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 |
| Ally Bank<br>PO Box 9001951<br>Louisville, KY 40290-1951 | Amazon MRS BPO LLC<br>1930 Olney Ave<br>Cherry Hill, NJ 08003-2016 | American Express<br>PO Box 1270<br>Newark, NJ 07101-1270 |
| American Express National Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern, PA 19355-0701 | Capital One<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Capital One N.A.<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 |
| Care Credit/Synchrony Bank<br>PO Box 71715<br>Philadelphia, PA 19176-1715 | Citibank, N.A.<br>5800 S Corporate Pl<br>Sioux Falls, SD 57108-5027 | Citibank, N.A.<br>c/o Quantum3 Group LLC<br>PO Box 280<br>Kirkland, WA 98083-0280 |
| City of Lowell<br>Water and Sewer Department<br>Lowell, MA 01853 | City of Lowell, Law Department<br>375 Merrimack Street<br>3rd Floor<br>Lowell, MA 01852-5939 | Comenity Bank<br>PO Box 182273<br>Columbus, OH 43218-2273 |
| (p)DISCOVER FINANCIAL SERVICES LLC<br>PO BOX 3025<br>NEW ALBANY OH 43054-3025 | Discover Bank<br>P.O. Box 3025<br>New Albany, OH 43054-3025 | Ed McCarthy, Esq.<br>303 Wyman Street, Suite 300<br>Waltham, MA 02451-1255 |
| Enerbank<br>650 S. Main Street, Suite 100<br>Salt Lake City, UT 84101-2870 | Estate of Porter<br>c/o Kevin Sullivan, Esq.<br>9 Fletcher Street, Suite A<br>Chelmsford, MA 01824-2886 | Internal Revenue Service<br>P.O. Box 7346<br>Boston, MA  19101-7346 |
| (p)JEANNE D ARC CREDIT UNION<br>P O BOX 1238<br>LOWELL MA 01853-1238 | (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 | LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| Lowes/Synchrony Bank<br>PO Box 965003<br>Orlando, FL 32896-5003 | MASS. DEPT. OF REVENUE ATTN:BANKRUPTCY UNIT<br>P.O. Box 7090<br>Boston, MA 02204-7090 | (p)DSNB MACY S<br>CITIBANK<br>1000 TECHNOLOGY DRIVE MS 777<br>O FALLON MO 63368-2239 |

| | | |
|---|---|---|
| Massachusetts Department of Revenue<br>100 Cambridge Street, 7th Floor<br>PO Box 9564<br>Boston, MA 02114-9564 | Midland Credit Management, Inc<br>PO Box 2037<br>Warren, MI 48090-2037 | National Grid<br>300 Erie Boulevard West<br>Syracuse, NY 13202-4250 |
| National Grid<br>PO Box 371338<br>Pittsburgh, PA 15250-7338 | National Grid<br>PO Box 371396<br>Pittsburgh, PA 15250-7396 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Quantum3 Group LLC as agent for Credit Corp<br>PO Box 788<br>Kirkland, WA 98083-0788 | Quicksilver Capital One<br>c/o MRS BOP LLC<br>1930 Olney Avenue<br>Cherry Hill, NJ 08003-2016 | Regions Bank DBA EnerBank USA<br>650 S Main Street, Suite 1000<br>Salt Lake City, UT 84101-2844 |
| Scolopax, LLC<br>C O WEINSTEIN & RILEY, PS<br>1415 WESTERN AVE, SUITE 700<br>Seattle, WA 98101-2051 | TJX Mastercard/Synchrony Bank<br>PO Box 71783<br>Philadelphia, PA 19176-1783 | Town of Tyngsborough<br>Collector of Taxes<br>25 Bryant Lane<br>Tyngsborough, MA 01879-1042 |
| VCFS Auto Leasing Company<br>PO Box 91300<br>Mobile, AL 36691-1300 | Volvo Car Financial Services<br>PO Box 91300<br>Mobile, AL 36691-1300 | Christopher Joseph Cox<br>54 Acropolis Road<br>Lowell, MA 01854-1302 |
| David A. Mawhinney-Ch13<br>Chapter 13 Trustee<br>P.O. Box 964<br>Worcester, MA 01613-0964 | John A. Ullian<br>The Law Firm of Ullian & Associates, P.C<br>220 Forbes Road, Suite 106<br>Braintree, MA 02184-2711 | Patricia Ann Cox<br>54 Acropolis Road<br>Lowell, MA 01854-1302 |
| Richard King<br>Office of US. Trustee<br>446 Main Street<br>14th Floor<br>Worcester, MA 01608-2361 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Discover<br>PO Box 15251<br>Wilmington, DE 19886 | Jeanne D'Arc Credit Union<br>1 Tremont Street<br>Lowell, MA 01854-3658 | (d)Jeanne D'Arc Credit Union<br>PO Box 1238<br>Lowell, MA 01854-3658 |
| Jefferson Capital Systems, LLC<br>PO Box 7999<br>PO Box 7999<br>St. Cloud, MN 56302-9617 | Macy<br>PO Box 8052<br>Mason, OH 45040 | PORTFOLIO RECOVERY ASSOCIATES, LLC<br>POB 41067<br>NORFOLK, VA 23541 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (d)George C. Malonis, P.C.<br>14 Loon Hill Road<br>Dracut, MA 01826-4015 | End of Label Matrix<br>Mailable recipients    48<br>Bypassed recipients     1<br>Total                  49 |